UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAQUANA DONNETTE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>CONTACTABILITY.COM, LLC<br>d/b/a UNITED STATES INSURANCE,<br><br>    Defendant. | CIVIL COMPLAINT   1:16-cv-02999<br><br>CASE NO.<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO
THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes LAQUANA DONNETTE DAVIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONTACTABILITY.COM, LLC d/b/a UNITED STATES INSURANCE ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 32 year old natural person residing at 872 Udell Street, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant states it "is the leading insurance ad-tech company focused on delivering targeted, high-traffic to the insurance industry.  We use a proprietary customer acquisition system to connect in-market insurance consumers with its network of insurance agents, call centers and carrier partners nationwide."[1]  Defendant is an Ohio corporation with its headquarters located at 118 E. Main Street, Suite 301, Columbus, Ohio.

7. Defendant owns and maintains the web-site www.unitedstatesinsurance.com.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10.  On or around September 21, 2016, Plaintiff switched cellular phone service providers and received a new phone number, (317) XXX-9581.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

---

[1] https://www.contactability.com/pages/about.html

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular phone ending in 9581. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Shortly after receiving her new cellular phone number, Plaintiff started receiving calls from numbers that she did not recognize including (317) 564-3028 and (317) 456-5128. *See* Exhibit A.

13. Upon information and belief, the phone numbers ending in 3028 and 5128 are regularly used by Defendant during its solicitation of consumers in Indiana.

14. After receiving the calls, Plaintiff discovered that they originated from Defendant, a company that she had no prior relationship to or familiarity with. *Id.*

15. When Plaintiff answers calls from Defendant she often experience a noticeable pause, approximately four seconds in length, before a live representative starts speaking. *Id.*

16. Defendant has advised Plaintiff that it was contacting her in order to give an insurance quote. Plaintiff has never requested the services of Defendant. *Id.*

17. On or around October 7, 2016, after missing a call, Plaintiff returned the call and demanded that Defendant cease its solicitations. *Id.*

18. On more than one occasion, Plaintiff has told Defendant to put her on its do not call list. Despite these prompts, Defendant has continued to call Plaintiff cellular phone. *Id.*

19. During some of the calls from Defendant, Plaintiff has been subjected to dead-air after answering before Defendant disconnects. *Id.*

20. Defendant has called Plaintiff as many as four times during the same day with many of the calls coming less than one hour apart. *Id.*

21. Plaintiff has received not less than 15 calls from Defendant to her cellular phone. *Id.*

22. Defendant's repeated calls have been extremely frustrating to Plaintiff. *Id.*

23. Plaintiff purchased an application on her cellular phone in order to stop Defendant's calls. *Id.*

24. Plaintiff has been compelled to speak with Sulaiman regarding her rights, resulting in fees and expenses.

25. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

26. Plaintiff has suffered financial loss as a result of Defendant's conduct.

27. Plaintiff has been unfairly harassed by Defendant's actions. *Id.*

28. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. After answering calls from Defendant, Plaintiff often experiences a noticeable pause, approximately four seconds in length. This pause is typical of calls placed using an ATDS. During other calls from Defendant, Plaintiff will only hear dead-air before the call is

disconnected. The frequency and nature of Defendant's calls strongly suggests that a predictive dialing ATDS is being used.

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff had no business relationship with Defendant and never requested to be solicited for insurance products. Based on Plaintiff's recent acquisition of the phone number called, it is likely that Defendant was trying to reach an altogether different person. As such, Defendant could not have been granted consent by Plaintiff to use an ATDS in calling her cellular phone. However, even if Defendant somehow originally had consent to call Plaintiff via an ATDS, such permission was explicitly revoked by her demands to cease contact.

33. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LAQUANA DONNETTE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

37. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

38. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

39. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

40. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

41. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she was not interested in its services. However, Defendant has ignored these prompts in an abusive attempt to solicit business from Plaintiff.

42. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The

IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

44. Plaintiff made multiple attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

45. As pled in paragraphs 22 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LAQUANA DONNETTE DAVIS , respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 3, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana

7

                                      Sulaiman Law Group, Ltd.
                                      900 Jorie Boulevard, Suite 150
                                      Oak Brook, Illinois 60523
                                      (630) 575-8181 x113 (phone)
                                      (630) 575-8188 (fax)
                                      nvolheim@sulaimanlaw.com