UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAQUANA DONNETTE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02999-LJM-MPB |
| | ) |
| CONTACTABILITY.COM, LLC doing | ) |
| business as UNITED STATES | ) |
| INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT CONTACTABILITY.COM'S MOTION TO DISMISS

This matter comes before the Court on Defendant Contactability.com, LLC doing business as United States Insurance's ("Contactability's"), Motion to Dismiss (Dkt. 8) Count II of Plaintiff Laquana Donnette Davis' ("Davis") Complaint. Dkt. 1. Davis alleges that Contactability repeatedly called her in violation of both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Indiana's Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 24-5-0.5. *Id.* Contactability moves to dismiss Davis' IDCSA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim.

For the reasons set forth below, the Court **GRANTS** Contactability's Motion to Dismiss.

## I. BACKGROUND

Davis resides in Indianapolis, Indiana. *Id.*, ¶ 4. Contactability is an insurance ad-tech company that focuses on delivering targeted, high-traffic service to the insurance industry. *Id.*, ¶ 6. On September 21, 2016, Davis switched cellular phone service providers and received a new telephone number. *Id.*, ¶ 10. Shortly thereafter, Davis began receiving calls that originated from Contactability. *Id.*, ¶¶ 12, 14. Davis never had a prior relationship with Contactability. *Id.*, ¶ 14. Contactability contacted Davis to offer her an insurance quote. *Id.*, ¶ 16. Davis never requested any services from Contactability. *Id.* On or about October 7, 2016, Davis called Contactability and demanded that it cease its solicitations. *Id.*, ¶ 17. Davis has also repeatedly asked Contactability to be placed on its do not call list, but Contactability continues to call Davis' cell phone. *Id.*, ¶ 18.

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits the dismissal of an action for failure to state a claim upon which relief can be granted in the pleadings. Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not simply state "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007). "[A] complaint must contain

sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id*. "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009).

### III. ANALYSIS

Contactability seeks dismissal of Davis' IDCSA claim on the grounds that Davis has failed to allege any facts to establish an incurable deceptive act.

The IDCSA "provides remedies to consumers and the attorney general for practices that the General Assembly deemed deceptive in consumer transactions." *McKinney v. State*, 693 N.E.2d 65, 67 (Ind. 1998). The IDCSA "provides for two kinds of actionable deceptive acts: 'uncured' deceptive acts and 'incurable' deceptive acts." *Id.* at 68. To bring a claim for an uncured deceptive act under the IDCSA, a plaintiff must provide "not only a complete description of the actual damage suffered, but also a description of the alleged deceptive act … so that the supplier has an opportunity to correct the problem." *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986). *See also* Ind. Code § 24-5-0.5-5(a). Davis admits that she seeks redress only for alleged incurable deceptive acts. Dkt. 11 at 3-4.

3

An incurable act is done "as part of a scheme, artifice, or device with intent to defraud or mislead." Ind. Code § 24-5-0.5-2(a)(8). "Intent to defraud or mislead is thus clearly an element of an incurable deceptive act." *McKinney*, 693 N.E.2d at 68. The allegedly deceptive act "may be committed where the facts evince an intent to mislead. That is misleading which tends to lead astray or into error; to guide wrongly." *McCormick Piano & Organ Co., Inc. v. Geiger*, 412 N.E.2d 842, 849 (Ind. Ct. App. 1980) (internal quotation marks omitted).

Contactability argues that Davis' IDCSA claim fails to allege an intent to defraud or mislead and therefore cannot be considered an incurable act. The Court agrees. Davis does not allege that Contactability attempted to defraud or mislead her in the sale of insurance or that she was somehow misinformed about the services that Contactability attempted to offer her. Rather, her Complaint describes the calls as frustrating and constituting harassment. Dkt. 1, ¶¶ 22, 27. This is not sufficient to state a claim under the IDCSA.

Davis claims that Contactability's method of calling individuals through an automated system violates the TCPA, which by itself is considered a deceptive act under the IDCSA. *See* Ind. Code § 24-5-0.5-3(b)(19). But Davis ignores the prerequisite language in determining a deceptive act: "the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: … (19) The violation by a supplier of [the TCPA]." *Id.* In the instant case, Davis has not alleged any oral or written representations made by Contactability. *Cf. Berghausen v. Microsoft Corp.*, 765 N.E.2d 592, 598 (Ind. Ct. App. 2002) (plaintiff's failure to allege oral or written

4

representations by the defendant results in dismissal of IDCSA claim).  The IDCSA "was enacted to prevent those who regularly engage in consumer sales from making false or misleading statements about their goods or services."  *Captain & Co. v. Stenberg*, 505 N.E.2d 88, 94 (Ind. Ct. App. 1987).  Davis has failed to make any claim regarding products offered by Contactability, let alone allege how such statements lead her "astray or into error."  *McCormick*, 412 N.E.2d at 849 (internal quotation marks omitted).

Because Davis does not plead sufficient facts to demonstrate that Contactability's phone calls were made with an intent to defraud, her IDCSA claim must fail.

### IV.    CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant Contactability's Motion to Dismiss Plaintiff Davis' Indiana Deceptive Consumer Sales Act claim. Accordingly, Davis' claim under the Indiana Deceptive Consumer Sales Act is **DISMISSED WITHOUT PREJUDICE**.  Davis has 14 days from the date of this order to amend her Amended Complaint.  Failure to do so will result in a dismissal of Count II with prejudice.

IT IS SO ORDERED this 31st day of January, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Nathan C. Volheim
SULAIMAN LAW GROUP, LTD.
nvolheim@sulaimanlaw.com

Anthony J. Hornbach
THOMPSON HINE LLP
tony.hornbach@thompsonhine.com